IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MANUEL HERNANDEZ-PARRILLA,

     Petitioner,

v.                                                                                      No. 2:25-cv-01224-MIS-KK

MARY DE ANDA-YBARRA, Field Office
Director of Enforcement and Removal
Operations, El Paso Field Office, Immigration
and Customs Enforcement; TODD LYONS,
Acting Director Immigration and Customs
Enforcement; KRISTI NOEM, Secretary, U.S.
Department of Homeland Security; and
PAMELA BONDI, U.S. Attorney General,

     Respondents.

**<u>ORDER GRANTING MOTION TO DISMISS</u>**

This matter is before the Court on Respondents' Motion to Dismiss ("Motion") filed March 19, 2026. ECF No. 28. Petitioner Manuel Hernandez-Parrilla filed a Response on April 17, 2026. ECF No. 33. Also on April 17, 2026, Respondents filed a Motion in Opposition to Continued Pre-Deprivation Bond Hearing Requirement, As It Is Contrary to Federal Immigration Statutes and Regulations ("Motion in Opposition"). ECF No. 34. Briefing is complete. Notice at 1, ECF No. 35. Upon review of the Parties' submissions, the record, and the relevant law, the Court will grant Respondents' Motion.

Petitioner filed a Petition for a Writ of Habeas Corpus on December 8, 2025, asking for relief from anticipated detention via a pre-deprivation bond hearing. ECF No. 1 at 21. Petitioner was brought to the United States in 1998 or 1999 when he was 11 years old. Id. ¶ 41. He was removed by DHS in 2012 and unlawfully reentered the United States that year. Id. In 2015, "DHS issued a Notice to Appear alleging that Petitioner was removable pursuant to 8 U.S.C. §

1182(a)(6)(A)(i), as a noncitizen 'present in the United States without being admitted or paroled.'" Id. ¶ 43. Following a bond hearing, Petitioner was released from detention via a $7,500 bond. Id. He subsequently applied for relief from removal, which remains pending. Id.

On September 26, 2025, DHS notified Petitioner's "wife that the conditions of the bond had been satisfied[] and informed her the bond would be canceled." Id. ¶ 44. On November 10, 2025, "DHS served Petitioner with a form G56 directing him to report to El Paso for a 'Case Review' [on December 18, 2025] and to bring '[a]ny immigration documents.'" Id. Based on the above, Petitioner believed "there [was] ample reason to conclude that [he] will be taken into DHS custody and detained at that check-in appointment." Id.

Petitioner filed a Petition for Writ of Habeas Corpus arguing jurisdiction was proper because he was placed in constructive custody when his bond was revoked. Id. Petitioner subsequently filed a Motion for Temporary Restraining Order (TRO) asking for a TRO or preliminary injunction (PI) that "enjoins Respondents from detaining Petitioner without first holding a pre-deprivation hearing before an immigration judge." ECF No. 5 at 1.

The Court held a hearing on Petitioner's Motion for TRO/PI. Clerk's Min. for Mot. Hr'g of Dec. 15, 2025, ECF No. 13. At the hearing, Respondents conceded that Petitioner was in constructive custody and therefore the Court had jurisdiction over the Petition and Motion for TRO/PI. Id. at 1. The Court granted Petitioner's Motion for TRO/PI on December 15, 2025, and issued a PI which enjoined the Government from detaining Petitioner without a pre-deprivation bond hearing. ECF No. 14 at 12-13.

On March 19, 2026, Respondents filed their response to the Petition in the form of a Motion to Dismiss. ECF No. 28. Respondents argue that Petitioner is no longer in constructive custody because, on February 11, 2026, Immigration and Customs Enforcement issued an Order of Release on Recognizance (OREC) that "does not require any attendance at meetings, hearings, or reporting

to ICE," "does not require the use of USG-monitoring devices on the Petitioner," and effectively terminates the administrative meeting that precipitated Petitioner's Petition. Id. at 7. Respondents further argue that, as jurisdiction over the Petition and the Motion for TRO/PI was based on Petitioner's constructive custody, and since he is no longer in constructive custody, his Petition is now moot. Id. at 10-11.

Petitioner responds that he "does not dispute Respondents' assertion that he has not been in constructive custody since February 11, 2026, when ICE placed no reporting restrictions on Petitioner and issued the Order of Release on Recognizance." Resp. at 1-2, ECF No. 33. Furthermore, Petitioner "does not oppose the dismissal" of the Petition or the PI. See id. at 1-2. Petitioner does, however, ask the Court to "acknowledge that he can bring a new habeas petition and motion for preliminary injunction should ICE renew its attempt to rescind his OREC or otherwise subject him to additional restrictions on his liberty without any pre-deprivation process." Id.

Respondents, rather than file a Reply, filed a Motion in Opposition. ECF No. 34. In it, Respondents argue that Petitioner is asking the "Court to continue its Preliminary Injunction requirement that U.S. immigration officials be enjoined from detaining Petitioner in the future without a future pre-deprivation bond hearing." Id. at 2. Respondents argue there are no federal statutes or immigration regulations that permit the Court to order a pre-deprivation immigration detention bond hearing. Id. Respondents acknowledge that, if Petitioner is re-detained, he "may seek federal court intervention, to the extent federal statute or constitutional authority exists for the relief sought . . . [a]nd, this Court's dismissing of the habeas petition and Preliminary Injunction does not change anything as it relates to requested future relief." Id. at 3. Respondents ask the Court to dismiss the Petition and PI "without restriction or condition." Id. The Court concurs with Respondents. Once constructive custody ended, the Court lost jurisdiction over the Petition and

the PI.

As to the Petition, "[t]he habeas statute provides that a federal district court may entertain a habeas application by a person held 'in custody under or by color of the authority of the United States,' or 'in custody in violation of the Constitution or laws or treaties of the United States.'" Munaf v. Geren, 553 U.S. 674, 685 (2008) (citing 28 U.S.C. §§ 2241(c)(1), (3)). The Court, therefore, does not have jurisdiction over a habeas application by a person not held in custody, see id., unless an exception applies, Riley v. I.N.S., 310 F.3d 1253, 1256-57 (10th Cir. 2002) (listing exceptions). Here, both Parties agree that Petitioner is no longer in custody, Mot. at 7, ECF No. 28; Resp. at 1-2, ECF No. 33, and Petitioner makes no argument that an exception applies, see generally id. As Petitioner is no longer in custody and no exception applies, the Court lacks jurisdiction over his Petition. His Petition is dismissed as moot.

As to the PI, Petitioner asks the Court "to acknowledge that he can bring a new habeas petition and motion for preliminary injunction should ICE renew its attempt to rescind his OREC or otherwise subject him to additional restrictions on his liberty without any pre-deprivation process." Resp. at 2, ECF No. 33. The Court agrees with Respondents that this is akin to requesting the PI remain in place. See Mot. in Opp'n at 1-2, ECF No. 34.

The PI was rooted in the Court's jurisdiction over Petitioner because he was in constructive custody. See Order at 6, ECF No. 14 ("The Court's jurisdiction over the Petition and Respondents is uncontested, and the Court finds that it has jurisdiction over this matter."). Petitioner is no longer in custody. Without custody or an exception, the Court has no jurisdiction to keep the PI in place or continue to enforce its terms. See Munaf, 553 U.S. at 685 (citation omitted); Riley, 310 F.3d at 1256-57. The Court therefore dissolves the Preliminary Injunction issued on December 15, 2026 requiring a "pre-deprivation bond hearing" with the burden on the Government. ECF No. 14 at 12-13.

4

In the future, Petitioner may avail himself of federal court remedies to the extent they are available to him based on his circumstances.

**IT IS HEREBY** ordered that

1. Respondents' Motion to Dismiss, ECF No. 28, is **GRANTED**;

2. As Petitioner Manuel Hernandez-Parrilla is no longer in custody, his Petition, ECF No. 1, is **DISMISSED** as moot; and

3. As Petitioner Manuel Hernandez-Parrilla is no longer in custody, the Preliminary Injunction issued by the Court on December 15, 2025, ECF No. 14, is **DISSOLVED**.


**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE